IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICKY BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18cv1525-TSE/JFA |
| NORTHERN NECK REGIONAL JAIL, ) | Hearing Date: June 25, 2021 @ 9am |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN SUPPORT OF FINDING OF INCOMPETENCE AND APPOINTMENT OF GUARDIAN *AD LITEM*

COMES NOW, undersigned counsel for Plaintiff and pursuant to this Court's Order (Dkt. 167) submits that she has received and reviewed over 2350 pages of medical records and in support of a finding that Plaintiff is not competent and therefore entitled to a Guardian *Ad Litem* pursuant to Fed. R. Civ. P. 17, hereby states as follows.

As the Court is aware, Mr. Butler currently resides in the custody of the Bureau of Prisons in Allenwood, Pennsylvania. The law of Pennsylvania, as to competency, must therefore apply. Pennsylvania law provides as follows:

> **§ 5501. Meaning of incapacitated person.**
>
> "Incapacitated person" means an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is *partially or totally unable to* manage his financial resources or to *meet essential requirements for his physical health and safety.*

20 PA Cons Stat § 5501 (2019) ("5501") (emphasis added).

A plain-language reading of 5501 makes clear two things: a specific diagnosis is not a prerequisite, nor does one trigger a *per se* finding of incapacity or incompetence. *See id.*

Therefore, at first blush, a finding under the statute does not appear to necessarily require a mental health evaluation and expert report. However, counsel is not a mental health expert and suggests that an evaluation, permitted by Fed. R. Civ. P 17, may assist both counsel and the Court in reviewing, summarizing, and offering a conclusion as to the ultimate question based on the voluminous records. Toward that end, Plaintiff's counsel has inquired of suitable experts within a reasonable geographical radius of FCI Allenwood and is prepared to present at least one as a proposed appointee should the Court deem it necessary.

Notwithstanding the lack of an expert opinion as to Mr. Butler's incompetence under the Pennsylvania standard, his medical records dating back to 2015 are replete with evidence of his inability to "meet essential requirements for his physical health and safety."[1]  As early as 2015, it was noted that Mr. Butler's history "and current struggles seem to reflect chronic maladaptive traits with both antisocial and borderline traits." At that time, psychoticism could not be ruled out, although Mr. Butler's reported auditory hallucinations were not typical of those suffering from schizophrenia. Records confirm a "current" personality disorder again 2020 and in 2021, and an April 2021 record specifies that Mr. Butler suffers from "borderline personality disorder and a history of self-injury." Specifically, Mr. Butler has a "history of putting objects [e.g., plastic spoons, pieces of metal] into his penis."  Other instances of self-harm including self-inflicted lacerations of the arm and neck, and bites. As a result of his compulsion for self-harm, Mr. Butler is often kept in ambulatory or four-point restraints, without which he would continue to self-harm. As the case at bar indicates, he has even been able to extract himself from restraint to hurt himself.

---

[1] Plaintiff refers the Court to excerpted records, filed Under Seal.

Thus, at *best*, it is abundantly clear that Mr. Butler makes decisions wholly contrary to his best interests and physical health.  However, his records indicate that his personality disorder is such that he is in fact *unable* to make decisions regarding his best interests, including but not limited to his physical health. A Guardian *Ad Litem* is therefore necessary to protect Mr. Butler's interests in this litigation.

WHEREFORE, counsel respectfully prays that this Honorable Court appoint a Guardian *Ad Litem* for Mr. Butler.

>
> Respectfully Submitted,
> RICKY BUTLER
> By Counsel

THE LAW OFFICE OF LANA MANITTA, PLLC
By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Dr., #511
Purcellville, VA 20132
(703) 705-4428 FAX (703) 705-4429
LManitta@ManittaLaw.com
Counsel for Plaintiff

## CERTIFICATE OF ELECTRONIC FILING

I HEREBY CERTIFY THAT on this the 22nd day of June 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing (NEF) to all counsel of record.

THE LAW OFFICE OF LANA MANITTA, PLLC
By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Dr., #511
Purcellville, VA 20132
(703) 705-4428 FAX (703) 705-4429
LManitta@ManittaLaw.com
Counsel for Plaintiff